IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES WILSON, | § | |
| | § | |
| Defendant Below, | § | No. 321, 2017 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1304003168 (K) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: August 23, 2017
Decided: August 25, 2017

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **ORDER**

This 25th day of August 2017, it appears to the Court that:

(1) On August 14, 2017, the appellant, James Wilson, filed a notice of appeal from a June 28, 2017 Superior Court order denying his motion for appointment of counsel. Wilson filed the motion in connection with his first motion for postconviction relief under Superior Court Criminal Rule 61. The Senior Court Clerk issued a notice directing Wilson to show cause why his appeal should not be dismissed based on this Court's lack of jurisdiction to consider an interlocutory appeal in a criminal case under Article IV, § 11(1)(b) of the Delaware Constitution

(2) In his response to the notice to show cause, Wilson states that he needs legal assistance. Under the Delaware Constitution, this Court may review only a

final judgment in a criminal case.[1] The Superior Court's denial of Wilson's motion for appointment of counsel is an interlocutory, not final, order.[2] Even if the order was final, Wilson's appeal would be untimely because it was filed more than thirty days after entry of the order on the Superior Court docket.[3] This Court does not have jurisdiction to review this appeal.[4]

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

/s/ Gary F. Traynor
Justice

---

[1] Del. Const. art. IV, § 11(1)(b).

[2] *See, e.g., Harris v. State*, 2013 WL 4858990, at *1 (Del. Sept. 10, 2013) (holding Superior Court order denying motion for appointment of counsel is an interlocutory order).

[3] Supr. Ct. R. 6(a)(iv) (requiring notice of appeal to be filed within thirty days after the entry upon the docket of any judgment in a postconviction proceeding).

[4] *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997) (holding Supreme Court lacks jurisdiction to review interlocutory order); *Carr v. State*, 554 A.2d 778, 779 (Del. 1989) ("Time is a jurisdictional requirement.").

2